**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 11-4577**

_____

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

    v.

DAVID SCOTT BROWDER,

              Defendant - Appellant.

_____

Appeal from the United States District Court for the District of
South Carolina, at Columbia.   Cameron McGowan Currie, District
Judge.  (3:08-cr-00347-CMC-1)

_____

Submitted:  January 24, 2012      Decided:  February 2, 2012

_____

Before WILKINSON, NIEMEYER, and DUNCAN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Tracey C. Green, WILLOUGHBY & HOEFER, P.A., Columbia, South
Carolina, for Appellant.  Nancy Chastain Wicker, OFFICE OF THE
UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David Scott Browder was found guilty of one count of possession with intent to distribute and distribution of 500 or more grams of cocaine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) (2006), one count of possession of a firearm and ammunition by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), (e) (2006), and one count of knowingly failing to appear before a court in violation of 18 U.S.C. § 3146(a)(1), (b)(1)(A)(i) (2006). He was sentenced to a cumulative custodial sentence of 151 months. We affirm.

On appeal, Browder's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which he states that he can find no meritorious issues for appeal. Counsel seeks our review of various suppression and evidentiary rulings by the district court, the district court's advisement to Browder regarding his right to testify, the district court's response to a question from the jury, and the district court's rulings on Browder's sentencing objections.

We first review the district court's denial of Browder's motion to suppress evidentiary items found in a mobile home. The district court found that exclusion of the evidence was not necessary because exigent circumstances permitted the officers to enter the mobile home without a warrant and, even if the entry was unconstitutional, the officers later procured a

2

search warrant and the evidence was admissible under the independent source doctrine. We review the factual findings underlying a district court's ruling on a motion to suppress for clear error and its legal conclusions de novo. United States v. Foster, 634 F.3d 243, 246 (4th Cir. 2011). When evaluating the denial of a suppression motion, we construe the evidence in the light most favorable to the Government. Id.

We find that the evidence is admissible under the independent source doctrine and thus make no comment on the propriety of the officers' initial entry into the mobile home. The independent source doctrine "provides for the admissibility of evidence if it would have been obtained even absent an illegal search." United States v. Bullard, 645 F.3d 237, 244 (4th Cir.), cert. denied, 132 S. Ct. 356 (2011); see also Murray v. United States, 487 U.S. 533, 537–43 (1988). Two findings must be made to establish that a later search was independent of an earlier unlawful search: "first, that officers did not include in their application for a warrant any recitation of their earlier unlawful observations; and second, that they would have sought a warrant even if they had not conducted the unlawful search." Bullard, 645 F.3d at 244 (internal quotation marks and brackets omitted). Officers testified to the satisfaction of both elements here. Thus, we find no error in

the district court's denial of Browder's motion to suppress the contents of the mobile home.

Browder also objected to the admission of certain evidence based on the items' chains of custody. We review a district court's determination that an evidentiary item's chain of custody has been sufficiently established for abuse of discretion. United States v. Summers, __ F.3d __, 2011 WL 6276085, at *3 (4th Cir. Dec. 16, 2011). "Establishing a strict chain of custody 'is not an iron-clad requirement, and the fact of a missing link does not prevent the admission of real evidence, so long as there is sufficient proof that the evidence is what it purports to be and has not been altered in any material respect.'" Id. at *7, quoting United States v. Ricco, 52 F.3d 58, 61-62 (4th Cir. 1995). Upon review of the record, we are satisfied that the district court did not abuse its discretion in admitting the challenged evidence.

We also review the district court's denials of Browder's objections to the admissibility of testimony regarding the marijuana found at the mobile home and Browder's motion for a mistrial based on the testimony. We review a district court's rulings on the admissibility of evidence for abuse of discretion, and we will only overturn an evidentiary ruling that is arbitrary and irrational. United States v. Cole, 631 F.3d 146, 153 (4th Cir. 2011). Similarly, we review the denial of a

4

motion for mistrial for abuse of discretion. United States v. Wallace, 515 F.3d 327, 330 (4th Cir. 2008). In order to show such an abuse of discretion, a defendant must show prejudice; no prejudice exists if the jury could make individual guilt determinations by following the court's cautionary instructions. Id. To determine whether prejudice is present, we "evaluate whether there is a reasonable probability that the jury's verdict was influenced by the material that improperly came before it." United States v. Seeright, 978 F.2d 842, 849 (4th Cir. 1992) (internal quotation marks omitted). We find no error with the district court's admissibility ruling and thus no prejudice. The marijuana evidence here was relevant to the prosecution for cocaine trafficking and not unfairly prejudicial. See United States v. Strickland, 245 F.3d 368, 386 (4th Cir. 2001). Thus, we find no abuse of discretion.

Likewise, we find no error with the district court's advisement to Browder concerning his right to testify on his own behalf or with the district court's response to a question from the jury. The district court's statements accurately recounted the law and did not exert any inappropriate influence.

We review Browder's sentence under a deferential abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). We first inspect for procedural reasonableness by ensuring that the district court committed no significant

5

procedural errors, such as failing to calculate or improperly calculating the Guidelines range, failing to consider the 18 U.S.C. § 3553(a) (2006) factors, or failing to adequately explain the sentence. United States v. Boulware, 604 F.3d 832, 837-38 (4th Cir. 2010). We then consider the substantive reasonableness of the sentence under the totality of the circumstances. Gall, 552 U.S. at 51. In doing so, we presume that a sentence within a properly-calculated Guidelines range is reasonable. United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007). Our review of the record uncovers no error warranting resentencing.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Browder, in writing, of the right to petition the Supreme Court of the United States for further review. If Browder requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Browder.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

6

before the court and argument would not aid the decisional process.

AFFIRMED